UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PHARMACY EXPRESS, LLC | * | CIVIL ACTION NO. 22:1979 |
| | * | |
| VERSUS | * | JUDGE: NANNETTE JOLIVETTE |
| | * | BROWN |
| OHIO SECURITY | * | |
| INSURANCE COMPANY | * | MAGISTRATE: MICHAEL NORTH |

**OHIO SECURITY INSURANCE COMPANY'S
REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Ohio Security Insurance Company ("Ohio Security") respectfully submits this reply in further support of its motion for summary judgment (R. Doc. 8) and in response to plaintiff's opposition to the motion (R. Doc. 10). For the reasons detailed herein and in Ohio Security's original supporting memorandum (R. Doc. 8-1), plaintiff is not entitled to coverage for its hurricane claim or to a declaratory judgment in its favor. The Court should grant Ohio Security's motion for summary judgment and dismiss plaintiff's claims with prejudice.

**I.   The jurisprudence on the Windstorm or Hail Exclusion, from both federal and states courts, makes clear that there is no coverage for plaintiff's hurricane claim.**

In its opposition brief, plaintiff regurgitates the same arguments presented in its petition (R. Doc. 1-1). As detailed in Ohio Security's original memorandum (R. Doc. 8-1), "[c]ourts in the Eastern District have held that policies containing 'windstorm' exclusions exclude coverage for losses caused by hurricane wind damage." *SJD-CC v. Marsh, USA, Inc.*, No. 06-9903, 2008 WL 2520445, at *3 (E.D. La. June 20, 2008) (citations omitted). The Western District similarly has held "that the windstorm exclusion is clear, unambiguous, and enforceable." *Guillory v. Prop. & Cas. Ins. Co. of Hartford*, No. 21-01430, 2021 WL 3378425, at *3 (W.D. La. Aug. 3, 2021).

Plaintiff does not address the merits of these federal court decisions, instead attacking them as non-binding on Louisiana state courts. R. Doc. 10 at p. 9. Plaintiff, however, does not cite to

1

a single Louisiana state court decision that has held that windstorm exclusions do not apply to hurricanes and/or that has found any ambiguity in the word "windstorm." Indeed, plaintiff has not – and cannot – cite to a single case from ***any*** jurisdiction that supports its position.

Most tellingly, plaintiff does not address the Louisiana Fourth Circuit's decision in *McGuire v. Am. S. Home Ins. Co.*, 07-0810 (La. App. 4 Cir. 10/10/07), 969 So. 2d 681. In *McGuire*, the policy at issue contained "Endorsement DE105, entitled "WINDSTORM OR HAIL EXCLUSION." *Id.* at 07-0810, p. 4, 969 So. 2d at 684-85. Like plaintiff here, the *McGuire* plaintiff similarly argued that the "Windstorm or Hail Exclusion" was ambiguous and unenforceable. *Id*. The Fourth Circuit, affirming the trial court's grant of summary judgment, held that the Windstorm or Hail Exclusion unambiguously excluded coverage for the plaintiff's hurricane claim.

## II. The term "windstorm" is not ambiguous.

As demonstrated by the fact that every court to address this issue has determined that a windstorm exclusion bars coverage for hurricane damage, there is nothing ambiguous about the word "windstorm." "A hurricane is 'a windstorm by any definition. Indeed, the definition of a hurricane is based on the strength of the winds it generates.'" *Pan Am Equities, Inc. v. Lexington Ins. Co.*, No. 18-2937, 2019 WL 2115173, at *3 (S.D. Tex. May 2, 2019) (quoting *Balog, Inc. v. United States Fid. and Guar. Co.*, 2007 WL 1599748, *3 (S.D. Miss. June 4, 2007)).

Furthermore, the Louisiana Supreme Court has defined the term "windstorm:"

> While the question of what risks and losses are covered by policies insuring against loss or damage due to windstorms and disturbances of a similar nature are naturally determined by the phraseology of the policy, in the absence of definition or limitation on the subject, a windstorm must be taken to be a wind of sufficient violence to be capable of damaging the insured property either (a) by impact of its own force or (b) by projecting some object against the property. Moreover, since in a great number of factual situations it has been shown that wind is often not the sole contributing

cause of the loss or damage, acceptance has been accorded the view that it is sufficient, in order to recover upon a windstorm insurance policy not otherwise limited or defined, that the wind was the proximate or efficient cause of the loss or damage, notwithstanding other factors contributing thereto.

*Roach-Strayhan-Holland Post No. 20, Am. Legion Club, Inc. v. Cont'l Ins. Co. of N. Y.*, 112 So. 2d 680, 682-83 (La. 1959) (citations omitted). Here, there is no dispute that the damage to plaintiff's property was caused by Hurricane Ida's winds, and such damage meets the Supreme Court's definition of "windstorm;" conversely, there is no allegation that Hurricane Ida's rain, on its own, caused any damage whatsoever to plaintiff's property. Morever, in other cases, the Louisiana Supreme Court has used the word "windstorm" interchangeably with "hurricane." *See, e.g.*, *Dupree v. Lafayette Ins. Co.*, 09-2602, p. 35 (La. 11/30/10), 51 So. 3d 673, 696 (stating that, in a dispute regarding wind versus flood damage from Hurricane Katrina, "that windstorm damages had rendered homes in St. Bernard Parish uninhabitable prior to the arrival of flood waters"); *Lorio v. Aetna Ins. Co.*, 232 So. 2d 490, 491 (La. 1970) (interpreting coverage for hurricane damage under the general windstorm provision of an insurance policy).

### III. Plaintiff's arguments regarding subject matter jurisdiction are not relevant to the summary judgment motion.

The majority of plaintiff's motion concerns plaintiff's incorrect assertion that this Court lacks subject matter jurisdiction over this case, which plaintiff already has briefed in its pending motion to remand. *See* R. Roc. 10 at pp. 3-9. The issue of subject matter jurisdiction does not go to the merits of Ohio Security's motion for summary judgment, and Ohio Security has fully briefed the issue of subject matter jurisdiction in its notice of removal (R. Doc. 1) and in its opposition to plaintiff's motion to remand (R. Doc. 9). Ohio Security incorporates the arguments presented in its notice of removal and its opposition to the motion to remand as if copied herein in their entirety.

3

**IV.    There is no dispute of material fact.**

Under Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, plaintiff does not contest any fact in Ohio Security's statement of undisputed fact (R. Doc. 8-2) and, indeed, admits that there is no dispute of material fact. R. Doc. 10-1. The only issue here is the iinterpretation of an insurance policy, which involves a legal question that can be resolved on summary judgment. *See, e.g.*, *Crum & Forster Specialty Ins. Co. v. Explo Sys. Inc.*, 157 F. Supp. 3d 606, 614 (W.D. La. 2016) (quoting *Huggins v. Gerry Lane Enterprises, Inc.*, 06-2816 (La. 5/22/07), 957 So. 2d 127, 129). Because both federal and state courts agree that a windstorm exclusion precludes coverage for hurricane damage, the Court should grant summary judgment in favor of Ohio Security.

## CONCLUSION

The policy's Windstorm or Hail Exclusion is clear, unambiguous, and enforceable. There is no coverage for plaintiff's Hurricane Ida claim, plaintiff is not entitled to a declaratory judgment in its favor, and Ohio Security is entitled to judgment as a matter of law. The Court should grant the motion for summary judgment and dismiss plaintiff's claims with prejudice.

[SIGNATURE BLOCK ON NEXT PAGE]

                    Respectfully submitted,

                    */s/ Patrick J. Lorio*
                    H. Minor Pipes, III, 24603
                    Lindsey M. Soboul 36680
                    Patrick J. Lorio, 38328
                    PIPES | MILES | BECKMAN, LLC
                    1100 Poydras Street, Suite 1800
                    New Orleans, Louisiana 70163
                    Telephone: (504) 322-7070
                    Fax: (504) 322-7520
                    mpipes@pipesmiles.com
                    lsoboul@pipesmiles.com
                    plorio@pipesmiles.com

                    *Attorneys for Ohio Security*
                      *Insurance Company*