UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHARMACY EXPRESS LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1979** |
| **OHIO SECURITY INSURANCE CO.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Plaintiff Pharmacy Express, LLC's ("Plaintiff") "Motion to Remand."[1] Plaintiff argues that the case should be remanded because Defendant Ohio Security Insurance Company ("Defendant") has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.[2] Defendant opposes the motion and argues that it has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the Motion to Remand.

## I. Background

This litigation arises out of alleged damage to Plaintiff's property during Hurricane Ida.[4] Plaintiff filed a petition for declaratory judgment against Defendant (the "Petition") in the Thirty-Second Judicial District Court for the Parish of Terrebonne on May 13, 2022.[5] According to the

---

[1] Rec. Doc. 7.

[2] *Id*. at 1.

[3] Rec. Doc. 9 at 1.

[4] *See* Rec. Doc. 1 at 1.

[5] *Id*.

1

Petition, Plaintiff purchased an insurance policy (the "Policy") from Defendant insuring the property located at 1963 Prospect Blvd., Houma, Louisiana 70363 (the "Property"), which Plaintiff used to operate a pharmacy, against property damage and business income losses from November 1, 2020, to November 1, 2021.[6] In the Petition, Plaintiff avers that, on August 29, 2021, the Property suffered "massive property damage" as a result of Hurricane Ida, which shut down the pharmacy.[7]

The Petition states that Plaintiff "faithfully paid" its premiums under the Policy and notified Defendant of its losses due to Hurricane Ida but, "on October 1, 2021, [Defendant] sent [Plaintiff] a denial letter, flat-out denying the claim."[8] The Petition also alleges that Defendant denied the claim based on a "Windstorm or Hail Exclusion in the policy."[9] Plaintiff argues that a hurricane is not a windstorm and so Plaintiff is entitled to a declaratory judgment that the Windstorm or Hail Exclusion in the Policy does not apply to hurricanes.[10] The Petition specifically states that Plaintiff "does not seek any determination of the amount of damages owed at this time or any other remedy besides declaratory relief."[11]

On June 28, 2022, Defendant removed the action to this Court, asserting subject matter jurisdiction under 28 U.S.C. § 1332.[12] In the Notice of Removal, Defendant avers that the parties are completely diverse because Plaintiff is a Louisiana limited liability company whose only

---

[6] *Id*. at 3–4.

[7] *Id*. at 4.

[8] *Id*. at 5.

[9] *Id*. at 6.

[10] *Id*. at 7, 9.

[11] *Id*. at 9.

[12] Rec. Doc. 1.

member is a citizen of Louisiana and Defendant is a corporation organized under the laws of New Hampshire with its principal place of business in Massachusetts.[13] Furthermore, the Notice of Removal states that the amount in controversy exceeds $75,000 because: (1) the Policy has limits of $113,538 for damage to structure, $255,000 for damage to business personal property, and $50,000 (after a $1,000 deductible) for business income and extra expenses;[14] (2) "Plaintiff submitted several invoices to [Defendant] for some of the alleged hurricane damage . . . total[ing] $46,252.60 and cover[ing] only a small portion of the alleged hurricane damage to the building without consideration of Plaintiff's Business Income claim;"[15] (3) Plaintiff claims loss of business income in shutting down the pharmacy and extensive physical damage to the Property and Defendant has not made any payments to Plaintiff for its claims;[16] (4) if successful, Plaintiff is entitled to recover fifty percent statutory damages equal to $23,378.90;[17] and (5) Plaintiff seeks attorney's fees.[18] On July 22, 2022, Plaintiff filed the instant motion to remand.[19] On August 2, 2022, Defendant opposed the motion.[20]

---

[13] *Id*. at 3–4. "Accordingly, [Defendant] is a citizen of New Hampshire and Massachusetts for purposes of diversity jurisdiction." *Id*. at 4.

[14] *Id*. at 4.

[15] *Id*. at 5. Plaintiff submitted invoices to Defendant for "removal of cabinets, shelving, and ceiling ($4,800); pharmacy equipment ($6,962.72); server replacement ($2,800); countertop and shelving installation ($31,689.88)." *Id*.

[16] *Id*. at 6.

[17] *Id*. at 7. In the Notice of Removal, Defendant argues that, only considering the invoices submitted plus any bad faith penalties applied to those invoices under La. Rev. Stats. 22:1892 and 22:1973, Defendant establishes an amount in controversy of $46,252.60 plus $23,126.30 equal to $69,398.90. *Id*. Therefore, Defendant argues that, because "Plaintiff also can recover attorneys' fees on [that amount] . . . the submitted invoices alone indicate that the amount in controversy exceeds $75,000." *Id*.

[18] *Id*.

[19] Rec. Doc. 7.

[20] Rec. Doc. 9.

## II. Parties' Arguments

### A. *Plaintiff's Arguments in Support of Remand*

Plaintiff argues that removal was improper because Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.[21] Plaintiff makes four arguments in support of the Motion to Remand. First, Plaintiff analogizes this matter to *Mitchell v. Amica Mut. Ins. Co.*,[22] arguing that, like in that case, the Petition requests declaratory relief establishing the Property's coverage under the Policy for hurricane damage, does not allege an amount in controversy, and "makes no reference of policy limits."[23] Plaintiff avers that, like this Court held in *Mitchell*, "these circumstances do not equate to a facial demonstration of the amount in controversy exceeding the jurisdictional amount."[24] Plaintiff asserts that, like the petition in *Mitchell*, which alleged that the property at issue was uninhabitable and needed extensive repairs, here the Petition alleges that Hurricane Ida "resulted in massive property damage and shut the Pharmacy down."[25] Therefore, Plaintiff concludes that, as in *Mitchell*, the amount in controversy is not facially apparent and so "removal is only proper . . . if the removing defendant can show satisfaction of the jurisdictional amount through the Notice of Removal or summary []judgment type evidence."[26]

---

[21] Rec. Doc. 7-1 at 1.

[22] No. 14-2766, 2015 WL 1608670 (E.D. La. Apr. 10, 2015) (Brown J.).

[23] Rec. Doc. 7-1 at 9.

[24] *Id*.

[25] *Id*. at 10.

[26] *Id*.

Second, Plaintiff argues that, as in *Lottinger v. State Farm Fire and Casualty Co.*,[27] Defendant fails to show through the Notice of Removal or summary judgment type evidence that the $75,000 amount in controversy requirement is satisfied.[28] Plaintiff asserts that, as in *Lottinger*, where the defendant provided an adjuster estimate of $45,748.55 in damages, Defendant provides "underlying proof of loss documents (invoices) totaling $46,252.60."[29] Furthermore, Plaintiff avers that, as in *Lottinger*, where "removing defendant tried to bootstrap additional damages by adding the fifty percent statutory penalty to this proof loss amount" to take the total amount in controversy to $68,622.55, Defendant adds the fifty percent statutory penalty such that the total amount in controversy is $69,378.90.[30] Finally, Plaintiff asserts that, as in *Lottinger*, where the possibility of attorney's fees was mentioned to close the gap to the $75,000 requirement without quantifying such fees, Defendant "has referenced the possibility of an attorney fee award with no price tag attached."[31] Therefore, Plaintiff concludes that, as in *Lottinger*, where this Court found that the defendant failed to satisfy its burden of establishing that the amount in controversy exceeded $75,000, Defendant has not met its burden in this matter.[32] Furthermore, Plaintiff notes that, unlike in *Lottinger*, where the petition was for damages and plaintiff explicitly sought bad faith penalties, the Petition is for declaratory judgment and does not explicitly seek bad faith penalties.[33]

---

[27] No. 13-6193, 2014 WL 4403440 (E.D. La. Sept. 5, 2014) (Brown, J.).

[28] *See* Rec. Doc. 7-1 at 10.

[29] *Id*. at 11.

[30] *Id*.

[31] *Id*.

[32] *Id*. at 12.

[33] *Id*. at 10–11.

Third, Plaintiff argues that Defendant cannot close the gap to the jurisdictional requirement by providing photographs of the damage, but "has to attach a dollar figure to the amount of the special damages."[34] Plaintiff asserts that Defendant "has not done this."[35]

Fourth, Plaintiff contends that Defendant cannot argue that the amount in controversy requirement is satisfied because Plaintiff would be entitled to double damages sustained under Louisiana Revised Statute § 22:1973.[36] Plaintiff avers that this Court rejected using the underlying damage amount as the amount of damages sustained under § 22:1973 in *Lottinger*, and Defendant "does not offer any evidence in the record that would support a showing of actual damages."[37] For these reasons, Plaintiff concludes that "this Court should remand this case to state court for further proceedings."[38]

### B.   *Defendant's Arguments in Opposition*

Defendant makes three arguments in opposition to the Motion to Remand. First, Defendant argues that it is facially apparent that the amount controversy exceeds $75,000.[39] Defendant avers that Plaintiff is incorrect to argue that Defendant has failed to establish the amount in controversy requirement in providing "a calculation of damages totaling 'only' $69,378.90" because Defendant is only required to show by a preponderance of the evidence that the amount in controversy exceeds $75,000, and does not need to calculate damages "with mathematical precision."[40] Defendant cites

---

[34] *Id*. at 11.

[35] *Id*.

[36] *Id*. at 12.

[37] *Id*. at 12–13.

[38] *Id*. at 13.

[39] Rec. Doc. 9 at 4.

[40] *Id*. at 5.

*Luckett v. Delta Airlines, Inc.*,[41] and *Gebbia v. Wal-Mart Stores, Inc.*,[42] where the Fifth Circuit held that the plaintiffs' claims of significant bodily injuries without disclosing specific amounts of damages were sufficient to satisfy the amount in controversy requirement.[43] Defendant asserts that, likewise, Plaintiff's allegations in the Petition that Hurricane Ida caused "massive property damage" and shut down a commercial business like a pharmacy make it facially apparent that the amount in controversy exceeds $75,000.[44]

Second, Defendant argues that, even if it is not facially apparent from the Petition, summary judgment type evidence shows "that it is more likely than not that the amount in controversy exceeds $75,000."[45] Defendant points to six pieces of evidence to support this argument: (1) the Policy limits of $113,538 for damage to structure, $255,000 for damage to business personal property, and $50,000 (after a $1,000 deductible) for business income and extra expenses;[46] (2) photographs of the Property showing "extensive roof damage, collapsed ceilings covering personal property, mold growth on interior walls, interior water damage, etc;"[47] (3) the "estimates from Plaintiff for a portion of the repairs totaling $46,252.60;"[48] (4) Plaintiff's seeking

---

[41] 171 F.3d 295, 298 (5th Cir. 1999)

[42] 233 F.3d 880, 883 (5th Cir. 2000).

[43] Rec. Doc. 9 at 4–5.

[44] *Id*. at 6.

[45] *Id*.

[46] *Id*. Defendant argues that "the entire limits are potentially recoverable by Plaintiff" because Defendant has paid Plaintiff nothing thus far. *Id*.

[47] *Id.* at 7 (citing Rec. Doc 1-4; Rec. Doc. 1-1).

[48] *Id*. (citing Rec. Doc. 1-5). Defendant notes that the estimates do not include replacement of the ceiling tiles, sheetrock, and insulation, or the repair/replacement of the damaged roof that allowed for the water intrusion. *Id*. Defendant argues that, when considering these additional damages, "it is more likely than not that the damages exceed $75,000." *Id*.

"coverage for business interruption because the hurricane damage forced Plaintiff's pharmacy to close;"[49] (5) Plaintiff's entitlement to bad faith penalties of fifty percent;[50] and (6) Plaintiff's entitlement to attorney's fees of up to twenty percent of the total claim.[51] Defendant notes that, even without most of this evidence, Defendant meets the jurisdictional requirement based "solely on the $46,252.60 in partial repair estimates, a 50 percent penalty, and a 10 percent attorney's fee award."[52]

Third, Defendant argues that *Lottinger* is distinguishable from the instant case.[53] Defendant asserts that, in *Lottinger*, "[f]atal to the removal was this Court's finding that 'State Farm does not provide a basis upon which the Court can close the gap [between $68,622.75 and $75,000].' Here [Defendant] has provided multiple bases with which to close the gap between $69,378.90 and $75,000."[54] Defendant avers that, furthermore, unlike in *Lottinger*, where "the insurer had already made payments to the insured" and the amount in controversy was based "on a public adjuster estimate for all of the remaining repairs to the plaintiff's property,"[55] Plaintiff's damages are not capped such that the gap could only be bridged with attorney's fees.[56] Thus, Defendant concludes that *Lottinger* is distinguishable because, in this case, Defendant estimates only a portion of the

---

[49] *Id*.

[50] *Id*. at 8–9.

[51] *Id*. at 9 (citing *Eaux Holdings LLC v. Scottsdale Ins. Co.*, No. 20-01582, 2022 WL 2393605 (W.D. La. July 1, 2022).

[52] *Id*. at 9–10 (emphasis omitted).

[53] *See id*. at 10.

[54] *Id*. (quoting *Lottinger*, 2014 WL 4403440, at *10).

[55] *Id*. (quoting *Lottinger*, 2014 WL 4403440, at *1).

[56] *Id*. at 11.

8

repairs, provides photographs establishing the extent of the damage, and is potentially liable for the cost of a commercial business shutting down.[57] For these reasons, Defendant concludes that the Motion to Remand should be denied because Defendant "has submitted summary judgment evidence that the amount in controversy exceeds $75,000 by a preponderance of the evidence."[58]

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[59] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[60] The removing party bears the burden of demonstrating that federal jurisdiction exists.[61]

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[62] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[63]

Pursuant to Fifth Circuit precedent, a removing defendant's burden of showing that the

---

[57] *See id.* at 10–11.

[58] *Id.* at 12.

[59] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[60] 28 U.S.C. § 1332(a)(1).

[61] *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[62] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[63] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[64] When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[65] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[66] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."[67]

Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[68] A plaintiff is, however, permitted to make "a general allegation that the claim exceeds or is less than" a particular amount if making such an allegation is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages.[69] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[70] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[71]

---

[64] *See Allen*, 63 F.3d at 1335.

[65] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[66] *Id.*

[67] *Id.*

[68] *See* La. Code Civ. P. art. 893.

[69] *Id.*

[70] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335.

[71] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[72] Finally, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[73]

### IV. Analysis

Plaintiff moves the Court to remand this case, arguing that Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.[74] Defendant opposes the motion and argues that it has shown by a preponderance of the evidence that the amount in controversy of this declaratory judgment action exceeds $75,000, and so this Court has diversity jurisdiction over the matter.[75] The parties do not contest that they are completely diverse.[76] Therefore, at issue here is whether the amount in controversy condition is met to confer subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

As a threshold matter, the Fifth Circuit has held that the amount in controversy in a declaratory judgment action that involves "the applicability of an insurance policy to a particular occurrence" is the value of the underlying claim.[77] Therefore, Defendant must prove by a preponderance of the evidence that the value of the underlying claim is likely above $75,000 by

---

[72] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[73] *Allen*, F.3d at 1335.

[74] Rec. Doc. 7 at 1.

[75] Rec. Doc. 9 at 1.

[76] The parties are completely diverse because Plaintiff is a Louisiana limited liability company whose only member is a citizen of Louisiana and Defendant is a corporation organized under the laws of New Hampshire with its principal place of business in Massachusetts. Rec. Doc. 1 at 3–4.

[77] *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (internal citation omitted).

11

showing either: (1) it is apparent from the face of the petition or (2) the facts set forth in the notice of removal support such a finding.[78]

### A.     *It is Not Apparent from the Face of the Petition that the Amount in Controversy Requirement is Satisfied*

Defendant first argues that it is apparent from the face of the Petition that the value of the underlying claim exceeds $75,000.[79] Although Defendant need not calculate the precise value of the claim,[80] it is not apparent from the face of the Petition that the value of the underlying claim exceeds $75,000. The Petition states that "Hurricane Ida swept through Houma, Louisiana, causing extensive flooding."[81] The Petition also states that "Hurricane Ida resulted in massive damage to the [Property] and in the Pharmacy shutting down in the immediate aftermath of the hurricane."[82] Finally, the Petition states that "[t]he Policy covers property damage as well as business income losses" and Defendant "has not paid anything" on Plaintiff's claim.[83]

Defendant argues that these allegations are "no different for the purpose of establishing that the $75,000 amount in controversy requirement is satisfied than the allegations of significant bodily injuries in *Gebbia* and *Luckett*."[84] Defendant's reliance on *Gebbia* and *Luckett* is misplaced. In *Gebbia*, the plaintiff alleged severe bodily injuries to her wrist, knee, patella, and back, leading

---

[78] *Simon*, 193 F.3d at 850 (quoting *Luckett*, 171 F.3d 295); *see also Allen*, 63 F.3d at 1335.

[79] *See* Rec. Doc. 9 at 4.

[80] *See, e.g.*, *Luckett*, 171 F.3d at 298; *Gebbia*, 233 F.3d at 883.

[81] Rec. Doc. 1-1 at 4.

[82] *Id*.

[83] *Id*. at 4–5.

[84] Rec. Doc. 9 at 6.

to "permanent disability and disfigurement."[85] In *Luckett*, the plaintiff alleged heart failure leaving her periodically unconscious over five days.[86] Allegations of specific bodily injuries cannot be compared to a general allegation of "massive property damage," without any indication of the damage that occurred or for how long the business was shut down.[87] Without more specific information, the Court cannot say that Defendant has met its burden of showing that it is more likely than not that the amount in controversy requirement is satisfied based only on the face of the Petition.

B. ***Defendant Has Not Established by a Preponderance of the Evidence that the Amount in Controversy is Above $75,000***

Since Defendant cannot rely on the face of the Petition to establish that the amount in controversy requirement is satisfied, Defendant must produce additional facts to support that the value of the underlying claim exceeded $75,000 at the time of removal.[88] Here, the parties do not dispute that the value of the underlying claim includes $46,252.60 in damages documented prior to removal.[89] Defendant also argues that the value of the underlying claim includes Plaintiff's potential entitlement to bad faith penalties equal to fifty percent on the amount owed to Plaintiff

---

[85] *Gebbia*, 233 F.3d at 883.

[86] *Luckett*, 171 F.3d at 297.

[87] *See Simon*, 193 F.3d at 851–52 (holding that it was not apparent from the face of the petition that plaintiff's damages exceeded the jurisdictional requirement where damages were alleged "with substantially less specificity than the description of damages in the complaint in *Luckett*); *see also Mitchell v. Amica Mut. Ins. Co.*, 2015 WL 1608670, at *4 (E.D. La. Apr. 10, 2015) (Brown J.) (holding that it was not facially apparent from a petition stating that a property was "uninhabitable and necessitating extensive repairs" that the amount in controversy requirement was satisfied).

[88] The Fifth Circuit has instructed that "[i]n situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *See Allen*, 63 F.3d at 1336.

[89] These damages consist of the invoices Plaintiff submitted to Defendant for "removal of cabinets, shelving, and ceiling ($4,800); pharmacy equipment ($6,962.72); server replacement ($2,800); countertop and shelving installation ($31,689.88)." Rec. Doc. 1 at 5; *see also* Rec. Doc. 1-5.

13

and attorney's fees under Louisiana Revised Statute § 22:1892.[90] Plaintiff argues that the Petition did not explicitly seek bad faith penalties or attorney's fees.[91] Even assuming bad faith penalties or attorney's fees should be included in the amount in controversy calculation, despite Plaintiff not explicitly seeking either, Defendant still has not establish that the amount in controversy exceeds $75,000. Assuming that Plaintiff is entitled to bad faith penalties, Defendant has only shown an amount in controversy of $69,378.90 equal to $46,252.60 (the specific damages documented by invoice prior to removal) plus a penalty of fifty percent of the documented damages.[92] Defendant would still be $5,621.10 short of meeting the $75,000 requirement. Thus, Plaintiff correctly argues that, as in *Lottinger v. State Farm Fire and Casualty Co.*,[93] Defendant has failed to meet its burden of showing that the amount in controversy requirement is satisfied by a preponderance of the evidence.[94]

In *Lottinger*, this Court granted the plaintiff's motion to remand. There, the plaintiff claimed $68,622 in bad faith penalties and property damage due to Hurricane Isaac, and the defendant argued that the plaintiff's other claims and request for attorney's fees established that

---

[90] Rec. Doc. 9 at 9. La. Rev. Stat. § 22:1892(B)(1)(a) states that if an insurer fails to make payment to the insured within thirty days of receiving satisfactory proof of loss, and this failure is made in bad faith the insurer must pay:

> a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs or two thousand five hundred dollars, whichever is greater.

[91] Rec. Doc. 7-1 at 11–12.

[92] The Court calculates the total as follows: $46,252.60 + .50($46,252.60) = $69,378.90

[93] No. 13-6193, 2014 WL 4403440 (E.D. La. Sept. 5, 2014).

[94] Rec. Doc. 7-1 at 10.

14

the amount in controversy exceeded $75,000.[95] In remanding the case, the Court explained that the defendant in *Lottinger* "provide[d] no basis upon which to estimate the monetary value of these claims, and cite[d] no authority to instruct the Court on how to do so."[96] Thus, "the Court [relied] solely on Lottinger's state court petition to determine the monetary value of his non-contractual claims."[97]

As in *Lottinger*, where the defendant was unable to close a gap of $6,377 to meet the jurisdictional requirement because it did not instruct the Court on the value of plaintiff's additional claims, here Defendant provides no basis for determining the value of the additional damages to the Property. Also, unlike in *Lottinger* where plaintiff specifically sought attorney's fees, Plaintiff does not seek attorney's fees in the Petition.[98] Regardless, Defendant's reliance on a single case decided by another district court to argue that, with attorney's fees, the amount in controversy exceeds $75,000, is insufficient to sustain its burden to show that removal is proper.[99] Thus, like this Court found in *Lottinger*, "the fact that these claims *might* establish that [Plaintiff's] claims meet the jurisdictional minimum is not enough to support a finding that these claims *do* establish, by a preponderance of the evidence, that the jurisdictional threshold has been crossed."[100] As the Fifth Circuit has recognized, such "doubts regarding whether removal jurisdiction is proper should

---

[95] *Lottinger*, 2014 WL 4403440, at *9–10. Defendant had relied on Plaintiff's adjuster's estimate that Plaintiff's total contractual claims equaled $45,748.55. *Id*. at *4.

[96] *Id*. at *9.

[97] *Id*.

[98] *See* Rec. Doc. 1-1.

[99] *See* Rec. Doc. 9 at 9.

[100] *Lottinger*, 2014 WL 4403440, at *9.

15

be resolved against federal jurisdiction."[101] Therefore, Defendant has failed to meet its burden of establishing that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[102] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is hereby remanded to the Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana for further proceedings.

**NEW ORLEANS, LOUISIANA**, this 30th day of September, 2022.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[101] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[102] Rec. Doc. 7.